UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MEGAN TUREK-GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No.: 3:24-cv-645 |
| UNILEVER UNITED STATES, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Unilever United States, Inc. ("Unilever"), by its undersigned attorneys, hereby gives notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, to the United States District Court for the Western District of North Carolina. As grounds for removal, Unilever states as follows:

1. On or about March 12, 2024, Plaintiff Megan Turek-Green filed a complaint ("Complaint") against Unilever in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, alleging that she developed acute lymphoblastic leukemia as a result of exposure to certain Dove, TRESemmé, and Bed Head Dirty Secret dry shampoo products that were recalled due to potential contamination with benzene ("the Products"). *See* Compl. ¶¶ 6, 36, 37, 65 (attached at **Exhibit A**).

2. Plaintiff alleges that Unilever failed to warn consumers that the Products contained or might contain benzene, misrepresented the safety of the Products, and failed to timely recall the Products. *See, e.g.*, *id.* ¶¶ 12, 20, 35, 55, 72.

3. The Complaint purportedly asserts claims against Unilever for breach of implied warranty, fraud, negligence, unfair and deceptive trade practices, unjust enrichment, and punitive damages. *Id.* ¶¶ 40-83.

4. As set forth more fully below, this case is properly removed pursuant to 28 U.S.C. § 1441, because the Court has subject-matter jurisdiction over it, pursuant to 28 U.S.C. § 1332, and Unilever has satisfied the procedural requirements for removal.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

5. The Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 and 1441 because this is a civil action between citizens of different States, in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A. Complete Diversity Exists Between Plaintiff and Unilever

6. Upon information and belief, at the time this lawsuit was filed and at all times since, Plaintiff was and is a citizen of North Carolina. Compl. ¶ 1.

7. At the time this lawsuit was filed and at all times since, Unilever was and is a corporation organized under the laws of the State of Delaware with its principal place of business in Englewood Cliffs, New Jersey. *Id.* ¶ 2. Therefore, at the time this action was filed and at all times since, Unilever was a citizen of Delaware and New Jersey. 28 U.S.C. § 1332(c)(1).

8. Because Plaintiff is a citizen of North Carolina, and Unilever is a citizen of Delaware and New Jersey, complete diversity exists in this case.

### B. The Amount-In-Controversy Requirement Is Satisfied

9. "[A]s specified in [21 U.S.C.] § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The removal notice need only contain "enough factual content [to] allow[] the court to draw the reasonable inference that the amount in controversy exceeds" the jurisdictional amount. *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017) (cleaned up); *Ellenburg v. Spartan*

*Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (holding that the pleading standard for a notice of removal is the same as for the complaint).

10. This action may be removed pursuant to 28 U.S.C. § 1441 because it is apparent from the face of the Complaint as well as the serious injuries alleged that the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Plaintiff alleges that as a result of exposure to benzene in the Products she was diagnosed with acute lymphoblastic leukemia and underwent invasive treatment for her cancer, including a stem-cell transplant and chemotherapy. Compl. ¶ 65. She further alleges peripheral neuropathy and atrophy, persistent fatigue, gastrointestinal issues, psychological trauma, and other complications from her illness. *Id.* In addition, Plaintiff alleges that she is unable to work and has incurred medical expenses and other monetary damages. *Id.* ¶¶ 65, 68.

12. Plaintiff alleges that her damages from these injuries exceed $25,000, and she seeks a trebling of these compensatory damages under the North Carolina Unfair and Deceptive Trade Practices Act. *Id.* ¶¶ 49, 58, 69, 73, 76, 83; Prayer for Relief ¶¶ 1, 2. Accordingly, on the face of the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs. *AM-Rail Constr., Inc. v. A&K R.R. Materials, Inc.*, 2017 WL 414382, at *3 (M.D.N.C. Jan. 31, 2017) ("Simply trebling the compensatory damages sought on the face of Plaintiff's Complaint [in excess of $25,000] under N.C. Gen. Stat. § 75-16, satisfies the minimum jurisdictional amount necessary to support removal in this case."); *Padgett Props., LLLP v. Nautilus Ins. Co.*, 645 F. Supp. 3d 538, 542 (E.D.N.C. 2022).

13. As an alternative to treble damages, Plaintiff seeks punitive damages, which are properly included in the amount in controversy. *Padgett Props.*, 645 F. Supp. 3d at 542 ("To calculate an amount in controversy, punitive damages may be included."). North Carolina allows

punitive damages of $250,000, or three times the amount of compensatory damages, whichever is greater. N.C. Gen. Stat. § 1D-25(b).

14. Finally, courts in this circuit have found the amount-in-controversy requirement satisfied when the plaintiff seeks damages for "serious" injuries, as Plaintiff alleges here. *See, e.g.*, *Zuber v. Goodyear Tire & Rubber Co.*, 2019 WL 4439431, at *2 (D.S.C. Sept. 17, 2019) (allegations of "serious injury, pain and suffering and emotional distress," and punitive damages were sufficient to exceed $75,000 threshold); *McGovern v. PPG Indust., Inc.*, 2014 WL 1408077, at *2 (N.D. W. Va. Apr. 11, 2014) (allegations of "serious bodily injury," missed work, and "other special damages" satisfied amount in controversy); *Larson v. Actavis Inc.*, 2010 WL 610053, at *4 (S.D. W. Va. Feb. 18, 2010) (holding that it was "facially apparent that the amount in controversy is likely to exceed $75,000" when the plaintiff was "forced to undergo hospitalization for four days" and demonstrated significant … complications … and five weeks of being bedridden due to alleged complications from digoxin toxicity").

15. Accordingly, it is evident from the face of the Complaint that the amount in controversy exceeds $75,000.[1]

## II. UNILEVER HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

16. This Notice of Removal is timely as Unilever was served with a summons and copy of the Complaint on or about June 12, 2024.

17. The General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, is located within the geographic boundaries for this Court's Charlotte Division; therefore,

---

[1] Although Plaintiff seeks the damages set forth in the Complaint, Unilever denies that she is entitled to such damages or to any relief.

the venue of this action is proper with this Court upon removal. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 113(c).

18. Unilever is not a citizen of North Carolina, the State in which this action was brought. *See* 28 U.S.C. § 1441(b)(2); *see also supra* ¶ 7.

19. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Unilever are attached hereto as **Exhibit A**.

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina.

21. Unilever reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Unilever United States, Inc. respectfully removes this action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, bearing Case Number 24CV011933-590, to this Court.

DATED: July 11, 2024

Respectfully submitted,

**WOOD SMITH HENNING & BERMAN, LLP**

*/s/ William W. Silverman*
William W. Silverman (NC Bar No. 38511)
Clayton D. Goris (NC Bar No. 57440)
3700 Glenwood Avenue, Suite 330
Raleigh, NC 27612
(984) 900-5960
wsilverman@wshblaw.com
cgoris@wshblaw.com

*Counsel for Unilever United States, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 11th day of July, 2024, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system and/or electronic mail.

Ashley M. Coghill
Davis Hartman Wright, LLP
209 Pollock Street
New Bern, NC 28560
E-mail: amc@dhwlegal.com
*Attorney for Plaintiff*

              **WOOD SMITH HENNING & BERMAN, LLP**

              */s/ William W. Silverman*
              William W. Silverman (NC Bar No. 38511)
              Clayton D. Goris (NC Bar No. 57440)
              3700 Glenwood Avenue, Suite 330
              Raleigh, NC 27612
              (984) 900-5960
              wsilverman@wshblaw.com
              cgoris@wshblaw.com
              *Counsel for Unilever United States, Inc.*