# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:24-CV-00645-KDB-DCK

| | |
|---|---|
| MEGAN TUREK-GREEN,<br><br>    Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>    Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 5). The Court has carefully considered this motion, the parties' briefs and the Complaint. For the reasons discussed below - primarily because Plaintiff has failed to sufficiently allege that she used a product sold by Defendant that contained the benzene to which she claims to have been exposed – the Court will **GRANT** the motion.

## I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010),

1

aff'd sub nom. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff Megan Turek-Green alleges that she developed leukemia after being exposed to benzene from using dry shampoo products sold by Unilever. (Doc. No. 1-2 at ¶65). While benzene is not an ingredient in those products, Plaintiff alleges that third-party testing revealed the potential presence of benzene in various personal care products sold by different manufacturers, including Defendant Unilever, and in October 2022 Unilever recalled "select lot codes of dry shampoo aerosol products produced prior to October 2021 from Dove, Nexxus, Suave, TIGI (Rockaholic and Bed Head), and TRESemmé due to potentially elevated levels of benzene." (*Id.* at ¶¶ 6, 30).[1]

---

[1] *See Unilever Issues Voluntary U.S. Recall of Select Dry Shampoos Due to Potential Presence of Benzene*, https://www.unileverusa.com/news/press-releases/2022/unilever-issues-voluntary-us-recall-of-select-dry-shampoos-due-to-potential-presence-of-benzene/ (last visited Aug. 27, 2024). (cited in Doc. No. 1-2 at ¶ 6 n.1). The Court may consider the recall notice because it is incorporated by reference in the Complaint and integral to Plaintiff's claims. *Epcon Homestead, LLC v. Town of Chapel Hill*, 62 F.4th 882, 885 (4th Cir. 2023).

With respect to her own use, Plaintiff alleges that she "purchased a number of dry shampoo products, including from the Recalled Products… multiple times over the years leading up to the October 18, 2022 recall" and "used the products from the Recalled Products list in accordance with the instructions included on their packaging, including spraying the products directly onto her scalp and massaging in the products with her hands." (*Id*. at ¶¶ 36-37). However, Plaintiff does not allege that she purchased any of the specific batches of the products that were recalled or that she has evidence that the products she purchased contained benzene (beyond an inference allegedly supplied by the fact that the recall occurred).

Plaintiff was diagnosed with leukemia in March 2021 and filed this action in the Superior Court for Mecklenburg County, North Carolina in March 2024. The Complaint asserts causes of action for breach of implied warranty, fraud, negligence, violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), unjust enrichment, and punitive damages. (*Id*. ¶¶ 40-83). Unilever timely removed the case to this Court based on the Court's federal diversity jurisdiction, 28 U.S.C. §§ 1332 and 1441, and filed the pending motion to dismiss on July 18, 2024. The motion is fully briefed and ripe for the Court's decision.

### III.     DISCUSSION

Defendant proffers numerous reasons in support of the dismissal of Plaintiff's various claims. However, its primary contention is that Plaintiff has failed to sufficiently allege facts that plausibly establish she used a Unilever product that contained benzene. The parties agree that fundamental allegation that must be pled in support of each of Plaintiff's claims. *See* Doc. Nos. 12 at 7, 13 at 2. Therefore, the Court will first focus on that argument, which has the potential to fully resolve the merits of the motion.

As discussed above, "[t]he plausibility standard [governing Rule 12(b)(6)]… asks for more than a sheer possibility" that Unilever's products injured Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff must do more than plead "facts that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, she must allege facts which, taken as true along with all reasonable inferences, are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. After a careful review of the Complaint, the Court finds that Plaintiff has failed to plausibly allege that the specific products she used contained benzene.

In substance, Plaintiff has alleged 1) she used various dry shampoo products made by Unilever for a number of years; 2) she was diagnosed with leukemia in March 2021; 3) there is evidence that benzene may cause cancer and certain personal care aerosol products (but not necessarily the products she used) contained some amount of benzene prior to March 2021; and 4) in October 2022 (eighteen months after her diagnosis) Unilever recalled a number of lots of the dry shampoo products she used because they might contain benzene. However, courts have held that a recall is not evidence that the recalled products contained a defect, including in the context of alleged benzene contamination of personal care products. *See Cascio v. Johnson & Johnson*, 2024 WL 693489, at *2 (N.D. Ga. Feb. 20, 2024) (collecting cases) ("Defendants' recall notice alone cannot support a plausible inference that the sunscreen [plaintiff] used contained benzene."). Thus, Unilever's recall is not an admission that any product Plaintiff used was contaminated, particularly when, as here, the recall post-dates her illness by over a year. *See Brief v. IdelleDe Labs., Ltd.*, 2023 WL 2860345, at *3 (D.N.J. Apr. 10, 2023); *Rooney v. Procter & Gamble Co.*, 2023 WL 1419870, at *1 (E.D. La. Jan. 31, 2023) (Vance, J.); *Rooney v. Unilever United States, Inc.*, 2023 WL 3167389 (E.D. La. Apr. 28, 2023) (Lemmon, J.) (product at issue was Suave

4

antiperspirant, which Unilever recalled); Doc. No. 1-2 at ¶¶ 30-31 (referencing Unilever and Procter & Gamble recalls).

In sum, Plaintiff does not allege that the specific shampoo that she used contained benzene. Rather, she asks the Court to infer that critical, foundational fact from Unilever's later limited recall of specific product batches. While Unilever's recall could, of course, reflect the *possibility* that earlier batches of the same products might also contain some amount of benzene, that inference is wholly speculative and insufficient to support the required conclusion that her assertions have moved beyond possible to plausible. Accordingly, in the absence of facts that plausibly establish the Unilever products she used contained benzene, none of Plaintiff's claims can properly proceed.[2]

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 5) is **GRANTED;**
2. Plaintiff's claims are **DISMISSED;** and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 28, 2024

Kenneth D. Bell
United States District Judge

---

[2] Having determined that Plaintiff has failed to sufficiently allege that the Unilever products she used contained benzene, the Court need not and does not reach the merits of Defendant's remaining arguments.